[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 14679
Plaintiff Cheri Kline is a former tenant of defendant David Walters. The plaintiff has brought this action in three counts. In the first count the plaintiff claims damages resulting from the alleged failure of the defendant to either return her security deposit of $ 1,800 plus interest, or to provide a written statement detailing the charges against her security deposit within the thirty-day period mandated by Gen. Stat. Sec. 47a-21(d)(2).
In the second count the plaintiff claims that the defendant breached paragraph 2 of the leasing contract which provides that the defendant shall return to the plaintiff her security deposit plus interest within thirty days of the end of the term of the lease. That paragraph further provides that if charges for damages are assessed the defendant must return the net sum, with an itemized statement of damages, within sixty days.
The third count asserts a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Sec. 42-110b, (CUTPA) predicated upon the defendant's alleged failure to return the security deposit plus interest, together with an itemized statement of damages. In this count the plaintiff also alleges that the defendant failed to place her security deposit in a bank escrow account, as mandated by Conn. Gen. Stat. Sec. 47a-21(h), and that this failure violates CUTPA.
Defendant David Walters denies the material allegations of the plaintiff's complaint, with the exception of the allegation that he did not escrow the plaintiff's security deposit. With respect to the alleged violation of Gen. Stat. Sec. 47a-21(d)(2) the defendant asserts that the plaintiff failed to give him timely notice of her whereabouts after she vacated the premises which he had rented to her. The defendant is willing to credit the plaintiff with the interest due on her security deposit. However, the defendant has imposed a counterclaim in which he avows that the plaintiff owes damages resultant from her not maintaining the rental premises, and resultant from physical damages which she caused, including damages to an outdoor hot tub. CT Page 14680
During the trial defendant David Walters testified that by a written lease he rented premises known as 46 Second Avenue in West Haven, Connecticut, to Cheri Kline from November 1, 1992 through October 31, 1993, and that she entrusted him with a security deposit of $ 1,800. The rent was $ 900 per month, and subsidized by the Connecticut Housing Rental Assistance Program, administered by the Community Action Agency of New Haven, Inc. Defendant David Walters also testified that the plaintiff vacated the premises on October 31, 1993, and that he inspected it on or about November 7, 1993. He stated further that he did not have her forwarding address until shortly after December 1, 1993, when he received a letter from her demanding the return of the security deposit. Nevertheless, quizzically the defendant testified that about November 10, 1993, he mailed a written reply to the plaintiff in which he refused to return the deposit, without stating an estimation of the damages she caused. However, the defendant also testified that the plaintiff called him about two weeks after he received the December 1, 1993 letter and he then told her that the hot tub, located on the outside porch, was frozen solid and he would have to obtain estimates for all damages, including damage to the hot tub, before responding to her request for the return of the security deposit.
Defendant David Walters testified further that the damages to the premises caused by plaintiff Cheri Kline amount to $ 8,540.30. The categories of damaged items alleged includes the hot tub on the porch, interior woodwork, front and back door window screens, removal of garbage, and the hot tub. The amount of damages to the hot tub is claimed to be $ 5,799 — clearly the bulk of the claimed damages. The damage to the hot tub consisted of cracking, and holes apparently caused by one or more blunt instruments. The defendant asserts that the cracking and/or holes were caused by water freezing and expanding in the tub. In this regard the defendant submitted climatological data showing ambient temperatures immediately prior to, during and after the plaintiff's departure.
In addition to compensation for damages to the premises, the defendant seeks reimbursement of $ 44.13 for a water CT Page 14681 bill which should have been paid by the plaintiff.
A Ms. Kris Figula, a friend of the plaintiff testified that on or about October 31, 1993 — the date upon which the plaintiff vacated the premises — they cleaned and dried the outdoor hot tub and properly covered it. The plaintiff and Ms. Figula testified that the hot tub was not damaged at that time.
Defendant David Walters moved into the premises in March of 1993. He states that he has not repaired any of the damaged items due to lack of funds.
Clearly one of the central issues is whether the defendant has violated Conn. Gen. Stat. Sec. 47a-21(d) (2) which states in material part that
 Upon termination of a tenancy, any tenant may notify his landlord in writing of such tenant's forwarding address. Within thirty days after termination of a tenancy, each landlord . . . shall deliver to the tenant or former tenant either (A) the full amount of the security deposit paid by such tenant plus accrued interest . . . or (B) the balance of the security deposit . . . plus accrued interest . . . after deduction for any damages suffered by such landlord . . . together with a written statement itemizing the nature and amount of such damages. Any such landlord who violates any provision of this subsection shall be liable for twice the value of any security deposit paid by such tenant.
The Court finds that the credible evidence presented on this point supports the plaintiff's position that the defendant did not return her security deposit nor provide to her a written itemized statement of damages. Accordingly, the Court finds that the defendant's defalcations in this regard constitute a violation of Conn. Gen. Stat. Sec. 47a-21(d)(2).
Given the aforesaid factual finding that the defendant did not return the plaintiff's security deposit nor provide to her a written itemized statement of damages, CT Page 14682 the Court also finds that the defendant's defalcations in this regard constitute a violation of the provisions of paragraph 2 of the parties' leasing contract.
The Court further finds that the defendant admits that he did not place the plaintiff's security deposit in an escrow account in a bank, as mandated by Conn. Gen. Stat. Sec. 47a-21(h). Given this admission and the Court finding of the defendant's violation of Conn. Gen. Stat. Sec. 47a-21(d)(2), the Court further finds that the defendant's defalcations in this regard constitute a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Sec. 42-110b, et seq.
The Court shall now turn its attention to whether the defendant has proved the allegations of his Counterclaim. In his Counterclaim the defendant seeks money damages for physical damages caused the rental premises, including the hot tub. The court finds that the credible evidence presented, including the climatological data, does not support the conclusion that the plaintiff caused any damages to the hot tub. However, the credible evidence presented does support the finding that the plaintiff is responsible for the following:
rubbish removal $ 175.00
 physical damage to interior of premises 700.00 -------- 875.00
The court further finds that the plaintiff is indebted to the defendant in the amount of $ 44.16, which she concedes is the amount of the water bill.
THE JUDGMENT
From the foregoing analyses the Court finds that judgment shall and hereby does enter for the plaintiff on Counts One and Two and Three of her complaint. The court finds that $ 3,600 is the figure for doubling the security deposit, and that the interest figure due her is $ 118.00. Furthermore, the Court finds that the plaintiff is CT Page 14683 entitled to and hereby awards to her $ 3,000.00 as a reasonable attorney's fee.
Thus, the total judgment for the plaintiff is $ 6,718.00 plus costs.
As to the defendant's Counterclaim, the Court finds that the defendant is entitled to and hereby enters a judgment in his favor in the amount of $ 875.00, plus $ 44.16 for the water bill, for a total judgment of $ 919.16.
Clarance J. Jones, Judge